HARRY V. OSBORNE, ADMINISTRATOR, ETC., APPELLANT, v. PAUL C. TAYLOR, RESPONDENT.

Argued May 19, 1926—Decided October 18, 1926.

Under the Negotiable Instrument act (3 *Comp. Stat. of N. J., p.* 3748, *article* 8, § 120), a person secondarily liable on a promissory note is discharged by the discharge of a prior party.

On appeal from the Monmouth County Circuit Court.

For the appellant, *Osborne, Cornish & Scheck.*

For the respondent, *Harry R. Cooper.*

The opinion of the court was delivered by

BLACK, J.    This case was submitted to and decided by Judge Jess, without a jury, upon a written stipulation of facts. A judgment was rendered in favor of the defendant.

The only question involved in the case is the liability of the defendant, Paul C. Taylor, to the estate of James G. Barnett for the amount of a promissory note. The question is largely, if not wholly, a question of fact. As stated by the trial court, there was no evidence from which any express or implied obligation arose on the part of Taylor to indemnify Barnett against the liability he assumed, as endorser of the original note and as the maker of the note in suit. The suit grew out of these facts: The First National Bank of Spring Lake recovered a judgment against the defendants, Harry V. Osborne, administrator, &c., of James G. Barnett, deceased, and Paul C. Taylor. The judgment was founded upon a promissory note on which Barnett appeared as maker and Taylor as endorser. Osborne paid the judgment, and in this suit seeks reimbursement from Taylor, the defendant. The note sued on was the fourth note of a series, the first one dated February 23d, 1921, made by the Columbia Hotel Holding Company, as maker, and endorsed by James G. Barnett. This note was renewed February 23d, 1922, on which Barnett was maker without any endorser. This note was renewed on May 23d, 1922, and again on August 23d, 1922, in form, as in the first renewal, with Barnett as maker, without an endorser. When this latter note came to the bank it had no endorser. The testimony shows that the defendant, Taylor, then endorsed the note at the suggestion of the president of the bank, Mr. Shock; the money was then placed to the credit of the renewed note, and Taylor was to be liable only in the event that Barnett failed to pay the note.

This was then the situation, as found by the trial court. The note was what it purported to be on its face, a note on which Barnett was primarily liable as maker and on which Taylor, the defendant, was only secondarily liable, as an accommodation endorser. Payment in such a case discharges the note, and Barnett or his estate acquired no rights against Taylor. *Negotiable Instruments; 3 Comp. Stat. of N. J. p. 3748, article 8, § 120; Messmore v. Meyer, 56 N. J. L. 31.* The conclusion reached by the trial judge is sustained by the evidence.

The judgment of the Monmouth County Circuit Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.